# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JORGE L. GARIB-BAZAIN,           )
                                 )
                    Petitioner,  )
                                 )
v.                               )   Case No. CIV-05-1509-HE
                                 )
SCOTT A. MIDDLEBROOKS, WARDEN,   )
                                 )
                    Respondent.  )

## REPORT AND RECOMMENDATION

Petitioner is a federal prisoner appearing *pro se* who seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. This action has been transferred to this judicial district by order of the United States District Court for the Middle District of Alabama, Northern Division.

The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, transfer of the action to this judicial district was clearly wrong. In the interests of justice, it is recommended that the action be re-transferred to the United States District Court for the Middle District of Alabama, Northern Division pursuant to 28 U.S.C. § 1631.

## I.      Procedural History and Relevant Factual Background

As relief in this action, Petitioner requests that he be released to a Community Confinement Center from July 25, 2005, through December 20, 2005, and that he be placed on direct home confinement from December 31, 2005, through June 28, 2006, the anticipated

completion date of his sentence. The Petition raises time-sensitive claims which call for prompt adjudication.

Petitioner filed his Petition for Writ of Habeas Corpus on August 1, 2005, in the United States District Court for the Middle District of Alabama. At the time the Petition was filed, he was committed to the custody of the United States Bureau of Prisons and incarcerated at the Federal Prison Camp in Montgomery, Alabama. Petitioner named as Respondent the warden of that facility, Scott A. Middlebrooks.

On September 22, 2005, Respondent, Scott Middlebrooks, filed a Response to Petition. *See* Case No. 2:05-CV-710-T, United States District Court for the Middle District of Alabama, Northen Division [Doc. #8]. Respondent specifically stated in the Response: "The Petitioner has named Scott Middlebrooks, Warden FPC Montgomery, as Respondent in this matter . . . . The Warden is the proper Respondent." *Id*. at 2. Respondent also averred that subject matter jurisdiction and venue were proper and that service of process had been properly effected on the Warden. *Id*. at 2-3.

Petitioner filed a Reply to the Response on October 13, 2005. *See* Petitioner's Reply to Respondent's Response to Petition Filed Pursuant to 28 U.S.C. § 2241 [Doc. #11].

On November 9, 2005, Petitioner filed a motion alleging he had been transferred to the Special Housing Unit, United States Penitentiary, Atlanta, Georgia, in retaliation for having filed his section 2241 habeas petition. *See* Petitioner's Motion Requesting Immediate Relief from Retaliative Designation to "Special Housing Unit" at U.S. Penitentiary Atlanta [Doc. # 18].

On December 6, 2005, the Magistrate Judge assigned to the case filed a Recommendation to transfer the action to this judicial district. *See* Recommendation of the Magistrate Judge [Doc. #21]. This Recommendation was made *sua sponte*. As grounds for the transfer, the Magistrate Judge stated:

> At the time Petitioner filed his petition, he was incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama, which is located in the Middle District of Alabama. Recently, he was transferred to U.S.P. Atlanta located in Atlanta, Georgia. It has come to the court's attention, however, that Petitioner has since been transferred to the Federal Transfer Center in Oklahoma City, Oklahoma, which is in the Western District of Oklahoma.

*Id*. at 1. On this factual basis and citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Magistrate Judge recommended that the action be transferred to this judicial district. The Magistrate Judge found that the proper respondent is "the warden of the facility where the petitioner is being held" and determined that "[b]ecause Petitioner is no longer incarcerated in this district, the court is without jurisdiction to proceed under *Padilla*, and transfer to the appropriate forum for further proceedings is required." *Id*. at 2. On December 22, 2005, the District Court entered an order adopting the Recommendation of the Magistrate Judge. *See* Order [Doc. #24]. The action was transferred despite the fact that the merits of the Petition had been fully addressed in briefing submitted by the parties and the matter was otherwise at issue and ready for judicial determination.

3

**II.     Analysis**

    **A.     The Middle District of Alabama Retained Jurisdiction Despite Petitioner's Transfer to Another Facility**

In reaching the decision to transfer this action, the transferring court failed to consider longstanding judicial precedent. Jurisdiction over a habeas petition attaches at the time of filing. A petitioner's subsequent custodial change resulting from his transfer to a facility located in a different judicial district does not operate to divest the court of jurisdiction. *See, e.g., Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."). *See also United States v. Foster,* No. 99-2312, 2001 WL 101763 at * 2 n.3 (10th Cir. Feb. 7, 2001) (unpublished op.)[1] ("[P]arole or subsequent removal of a petitioner from the district with jurisdiction at the time a habeas petition is filed does not divest the court of its jurisdiction.") (*citing Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990) (jurisdiction over habeas petition is determined when petition is filed)).

Case law from the transferring court, the Middle District of Alabama, Northern Division, adheres to this longstanding precedent. *See Winck v. Danzig*, 147 F. Supp.2d 1278 (M.D. Ala. 2001). In *Winck*, the petitioner, David M. Winck, a military enlistee, filed a section 2241 petition seeking release from active duty. At the time he filed his petition,

---

[1] This and all other unpublished Tenth Circuit opinions referenced in this Report are cited for their persuasive authority in accordance with 10th Cir. R. 36.3(B).

Winck's commanding officer and custodian, Captain Zimmerman, was located in Pensacola, Florida. However, Winck filed his petition in the district court for the Southern District of Alabama. The court in the Southern District of Alabama transferred the case to the Middle District of Alabama based on lack of jurisdiction. The respondent moved to dismiss the petition in the Middle District of Alabama, contending the court lacked jurisdiction because Winck's custodian was not, and never had been, within the territorial jurisdiction of the Middle District of Alabama. In addressing this issue, the court began its analysis by noting that: "[w]hether the court has jurisdiction over the custodian – the petitioner's commanding officer – *is determined at the time the petition is filed.*" *Id*. at 1280 (emphasis added). The court concluded that the commanding officer was not within the Middle District of Alabama at the time Winck filed his petition and, therefore, the court was without jurisdiction to entertain the merits of the petition. *Id*. at 1283.

As noted, in transferring the instant action to this judicial district, the transferee court cited the Supreme Court's recent decision in *Rumsfeld v. Padilla*. However, nothing in the *Padilla* decision changes the rule that whether jurisdiction exists over a habeas petition is to be determined at the time the petition is filed.

Indeed, the majority addressed this precedent as a basis for distinguishing the facts presented in *Padilla. See Padilla*, 542 U.S. at 441 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). In contrast to the situation

where a petitioner is transferred after the habeas petition is filed, in *Padilla*, conversely, the petitioner was moved from the judicial district of filing *before* the habeas petition was filed.

In *Padilla*, the petitioner, Jose Padilla, was originally placed in federal detention in New York on a material witness warrant. While a motion to vacate the warrant was pending, Padilla was designated an "enemy combatant," transferred to military custody, and detained in South Carolina. Just days after his transfer but while in custody in South Carolina, Padilla filed a section 2241 petition in the district court for the Southern District of New York.

The Supreme Court determined that at the time the section 2241 petition was filed, Padilla was in military custody and his immediate custodian was brig commander Melanie Marr. The Court determined that Commander Marr was the only proper respondent. *Padilla*, 542 U.S. at 442. The Court further determined that the District of South Carolina, not the Southern District of New York, was the district court in which Padilla should have brought his habeas petition. Because Padilla was moved from New York to South Carolina *before* his lawyer filed a habeas petition on his behalf, the Southern District of New York never acquired jurisdiction over Padilla's petition. Therefore, the habeas petition was remanded for entry of an order of dismissal. *Id*. at 451.

The Supreme Court rejected any contrary result premised on the ground that Padilla had been transferred to military custody just three days prior to filing his federal habeas petition. The Court thus refused to allow any exceptions to the longstanding rule that "in habeas corpus challenges to present physical confinement – 'core challenges' – the default

rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id*. at 435.

Nothing in the *Padilla* opinion suggests the Court has departed from longstanding precedent that jurisdiction over a habeas petition is determined at the time the petition is filed and that subsequent transfer of the petitioner does not defeat jurisdiction. Cases decided subsequent to *Padilla* adhere to this rule and even rely upon *Padilla* as authority. *See, e.g., Martinez v. Brooks*, No. Civ.A. 03-1021-AM, 2004 WL 3214416 at *1 n.1 (E.D. Va. July 26, 2004) (unpublished op.) (noting that warden of federal corrections complex in Virginia remained proper respondent and jurisdiction in the Eastern District of Virginia was appropriate "despite Martinez's recent transfer to the Federal Corrections Institution in Big Spring, Texas") (*citing Padilla*, 124 S.Ct. at 2721, 542 U.S. at 441 ("As the Supreme Court recently stated, 'when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction . . .'")). *See also Rios v. Lansing*, No. 02-3143, 2004 WL 2750261 at *2 n.5 (10th Cir. Dec. 2, 2004) (unpublished op.) (both district court for the District of Kansas and Tenth Circuit Court of Appeals had jurisdiction over section 2241 petition, and jurisdiction was not defeated by petitioner's subsequent transfer to a federal correctional facility in Florida). Therefore, the transferring court's reliance on *Padilla* as grounds for determining that it was without jurisdiction and transferring this case mid-stream in the course of litigation was erroneous.

B.  **Petitioner Was Not Confined Within this Judicial District at the Time the District Court Entered Its Transfer Order**

Moreover, this Court takes judicial notice of the BOP's "Inmate History" for Petitioner. That record evidences that Petitioner was detained at the Federal Transfer Center in Oklahoma City, Oklahoma, for a period of approximately eleven days -- from November 21, 2005 through December 1, 2005. The Bureau of Prisons was not confining Petitioner in this judicial district on either the date the Magistrate Judge filed the Recommendation (December 6, 2005) or the date the District Court entered the transfer order (December 22, 2005). Rather, Petitioner had already been transferred to Puerto Rico and has subsequently been placed in community confinement at a halfway house.

Under these circumstances, personal jurisdiction is lacking in this judicial district. *See Padilla* 542 U.S. at 453 (Kennedy, J. and O'Connor, J., concurring) ("[T]he immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules . . . ."). *See also Foster*, 2001 WL 101763 at *1 (describing issue as one of personal jurisdiction). Accordingly, the action should be re-transferred to the transferring court.

C.  **Because the Decision to Transfer Was Clearly Wrong, the Law of the Case Doctrine Does Not Prohibit Re-Transfer**

This Court is keenly aware that the re-transfer of an action is a disfavored practice. For this reason, the law of the case doctrine governs transfer decisions. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) ("Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts."). Pursuant to that

doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Id*.

A re-transfer is certainly not, however, prohibited by the law of the case doctrine. "A court has the power to revisit prior decisions of its own or a coordinate court in any circumstance," and if the court concludes "the prior decision was 'clearly wrong' it [is] obliged to decline jurisdiction." *Id*. at 817.

Here, the transfer decision was clearly wrong. Though not cited in either the Magistrate Judge's Recommendation or the District Court's Order, the federal statute authorizing a transfer to cure want of jurisdiction is 28 U.S.C. § 1631. Pursuant to section 1631, three factors must be present: (1) the transferring court must lack jurisdiction; (2) the case must be one that could have been brought in the transferee district court at the time of filing; and (3) the transfer must be in the interests of justice. None of these factors support the transfer in this case.

As explained above, the transferring court did not lack jurisdiction. At the time the Petition was filed, Petitioner was confined within the judicial district for the Middle District of Alabama and Respondent was within that court's jurisdiction. Therefore, the rule of *Padilla* was satisfied. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Petitioner's subsequent transfer to another facility did not defeat the court's jurisdiction. *Id*. at 441.

9

The case could not have been brought in this judicial district at the time of filing. The only tie this judicial district has in any way to the claims which are the subject matter of the Petition is the fact that Petitioner was briefly confined -- for a period of eleven days -- at the Federal Transfer Center in Oklahoma City. As set forth, Petitioner's brief confinement in this district occurred after the Petition had been filed. Moreover, Petitioner was no longer confined in this judicial district on the date the transfer order was entered.

Finally, the transfer to this judicial district is not in the interests of justice. Petitioner had exhausted administrative remedies by filing grievances at the federal facility located in Montgomery, Alabama. Respondent and his counsel were present within the territorial jurisdiction of the district court for the Middle District of Alabama. At the time of the transfer, the parties had fully briefed their positions to the court. In contrast, Petitioner was located within the territorial jurisdiction of the Western District of Oklahoma for a period of only eleven days. No facts, witnesses or parties are located in this judicial district. Under these circumstances, the interests of justice are served not by transfer to this district, but by adjudication of this action in the judicial district in which it was properly filed and by a court that has the power to retain jurisdiction despite the Bureau of Prisons' transfer of Petitioner to another facility.

For all these reasons, it is recommended that this action be re-transferred to the United States District Court for the Middle District of Alabama, Northern Division.

**RECOMMENDATION**

In the interests of justice, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1631.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by January  31st , 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

In addition to notification of the parties, the Court Clerk is directed to transmit a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma for informational purposes.

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  11th  day of January, 2006.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE